Greystone Commercial Mtge. Capital LLC v 2142 Frederick Douglass Blvd. Corp. (2026 NY Slip Op 50062(U))

[*1]

Greystone Commercial Mtge. Capital LLC v 2142 Frederick Douglass Blvd. Corp.

2026 NY Slip Op 50062(U)

Decided on January 20, 2026

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2026
Supreme Court, Westchester County

Greystone Commercial Mortgage Capital LLC, Plaintiff,

against2142 Frederick Douglass Blvd. Corp., 2142 FREDERICK DOUGLASS BLVD LLC, d/b/a 2142 FREDERICK DOUGLASS BLVD NY LLC, FRANCESCO BRUSCO, DIANA PEREZ, ROOSEVELT PROFESSIONAL LLC, PEOPLE OF THE STATE OF NEW YORK, and "JOHN DOES" AND "JANE DOES" #1-100, the last 100 names being fictitious and unknown to the plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the verified complaint, Defendants.

Index No. 74696/2024

Sills Cummis et al. 
Attorneys for Plaintiff
101 Park Avenue, 28th Floor 
New York, NY 10178
The Aiken Law Firm
Attorneys for Defendants
1121 Walt Whitman Rd. 
Melville, NY 11747

Linda S. Jamieson, J.

The following papers numbered 1 to 5 were read on this motion:
Paper Number
Order to Show Cause, Affirmations and Exhibits 1
Affirmation in Opposition 2
Memorandum of Law in Opposition 3
Reply Affirmation and Exhibits 4
Referee Report 5
On December 1, 2025, defendants 2142 Frederick Douglass Blvd. Corp. ("Corp."), 2142 Frederick Douglass Blvd LLC, d/b/a 2142 Frederick Douglass Blvd NY LLC (the "Borrower") and Francesco Brusco (collectively, "moving defendants") filed their Order to Show Cause seeking (1) temporarily to restrain plaintiff and the Referee from selling, transferring or making any attempt to take possession of the property located at 11 West Prospect Ave, Mount Vernon, NY (the "Premises"); (2) to stay the sale of the Premises scheduled for December 2, 2025 for at least 120 days; and (3) to forbid plaintiff from receiving any deposits or funds in relation to settling "the outstanding balance of the mortgage of the Premises outside Purchaser's current deal/offer."
The Court struck the temporary relief sought by the Order to Show Cause. The justification set forth in the Order to Show Cause for the relief sought was that "i) Defendants have proof of monthly and annual rentals of which Plaintiff has obtained [sic] via its agreements, forfeited $200,000.00 in the PNC Holding Deposit Bank, and other monies of which would offset the current judgment amount; ii) Defendants have procured atleast [sic] two redy [sic] willing and able buyers between 2023 through 2024/2025 yet Plaintiff's unconscionable actions barred Defendants [sic] ability to get into and execute a full Contract of Sale; iii) Defendants failed to ever receive a timely payoff letter from Plaintiffs; iv) Defendants received the original loan amount of $1,700,000.00 under misguided processes operated by Plaintiff, thus frustrating Defendants [sic] ability to repay from the commencement of the Loan." 
According to counsel for plaintiff, the sale, which had been scheduled since at least October 27, 2025, proceeded according to schedule on December 2, 2025. Plaintiff was the highest (and only) bidder for the Premises. The Premises sold for $2,501,000. This leaves a deficiency of $1,176,797.86. 
Although the request for a stay is moot, the Court also denies any request to set aside the sale. The Court has repeatedly held that plaintiff was entitled to foreclose on the Premises; that defendants were in default on multiple fronts; that there was no evidence of fraud or other wrongdoing in the issuance of the loan (or any other aspect of the transaction) and that none of defendants' defenses or arguments had any legal merit. In reply, new counsel for defendants argues that they "can demonstrate grounds for setting aside the sale based on plaintiff's misconduct throughout the foreclosure process, including the failure to provide proper notices and the unconscionable nature of the original loan terms." However, these are issues that the Court has already addressed, and has already determined are baseless. 
The foregoing constitutes the decision and order of the Court.
Dated: January 20, 2026
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court